ENRIQUEZ CAZAREZ JR. "pro se"
Reg. No. 15508-045
Moshannon Valley Correctional Center
555-I GEO Drive, (unit A3/)
Philipsburg, PA 16866-8139                March 10, 2014

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

ENRIQUEZ CAZAREZ,

              Plaintiff, 14-0278-CV-W-DGK-P

vs.                    CIVIL ACTION No. _____

MICHAEL J. GUNTER,
ATTORNEY AT LAW
217 W. 18th Street
Kansas City, Missouri 64108

---

### CIVIL COMPLAINT FOR BREACH OF CONTRACT, ASSUMPSIT, LEGAL MALPRACTICE

ENRIQUEZ CAZAREZ JR., a federal prisoner with the BOP's registration number 15508-045, serving a sentencing imposed by this Court under the Criminal docket number 04-00244-06-CR-W-FJG, now housed at the Moshannon Valley Correctional Center, ("MVCC"), a private contracting federal holding facility that hold deportable criminal aliens, is hereby submitting his pro se complaint against defendant Mr. MICHAEL J. GUNTER, alleging breach of contract, assumpsit, and legal malpractice, that arose from his representation on the abovementioned criminal matter.

## STATEMENT OF SUBJECT MATTER JURISDICTION

This Honorable Court has original and exclusive subject matter jurisdiction over the "controversy" as all actions and inactions transpired within the territorial jurisdiction of this Court. Therefore, jurisdiction is conferred by title 28 U.S.C. § 1331, "constitutional question, and under the diversity statute, see 28 U.S.C. § 1332(a)(1) and or (a)(2). Further jurisdiction is found under the United States Constitution Article III.

## PARTIES INVOLVED

**PLAINTIFF:** ENRIQUEZ CAZAREZ JR. a federal prisoner housed at the Moshannon Valley Correctional Center, c/o 555-I GEO Drive, Unit A/3-019L). Philipsburg, PA 16866-8139.

**DEFENDANT:** MICHAEL J. GUNTER, Attorney at Law. 217 W. 18th Street, Kanasas City, Missouri 64108. Phone No. (816) 471-4529, Fax No. (816) 471 2131.

## STATEMENT OF THE FACTS

On July 22, 2004, Plaintiff was arrested under a John Doe complaint charging him with a count of Conspiracy to distribute methamphetamine in violation of title 21 U.S.C. Sections 841(a)(1), (b)(1)(A), and title 21 U.S.C. § 846. Plaintiff was subsequently indicted by a grand jury on August 12, 2004, also 47 other alleged co-conspirators were named, and unknown by the grand jury on the charge of conspiracy.

Complaint's page 2 of 7 .

On June 22, 2005, an Eleven (11) count superseding indictment was filed charging Plaintiff with a count of Conspiracy to distribute methamphetamine in violation of title 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846, including criminal forfeiture. The other count were not relevant to Plaintiff.

Before, trial counsel filed two pre-trial motions, a motion to suppress methamphetamine found in a car he was a passenger, which occured in September 20, 2002 and a motion to dismiss the indictment for pre-trial delay or Speedy Trial Violation. Both motion were denied, the first because he did not have standing to challenge a Fourth Amendment violation that transpired while he was a passenger.

Trial started on October 25, 2005 against Plaintiff and his co-defendant, however, he plead guilty to count one(1) of the superseding indictment, and without a written plea agreement Plaintiff was thereafter sentenced to 235 months imprisonment. On March 10. 2005, he filed a timely notice of appeals.

Pursuant to Anders v. California,, 386 U.S. 738 (1967) counsel Michael J. Gunter asked the court to allow him to withdraw from further representation finding that there was "no legally of factually meritorious issues, and therefore, the appeal would be frivolous." The Eight Circuit affirmed the appeal, and allowed counsel to withdraw.

SECTION 2255 PROCEEDINGS: On March 14, 2008, Plaintiff filed a timely motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255, in which he

Complaint's page 3 of 7 .

asserted that his counsel (Defendant now) was ineffective for failing to object to the PSR because Plaintiff did not agree that he should have received a two point enhancement for his role as a manager or supervisor. Plaintiff also argued that counsel was ineffective as he should had objected to his criminal history representation, as it was overrepresented or overstated. Plaintiff also argued that his counsel should had assited him at the appeal stage by furnishing him relevant transcripts and documents that would had helped him to challenge counsel Anders's brief.

The Government responded to Plaintiff's § 2255 motion, and on April 28, 2008, Plaintiff filed a reply to the Government's response to his § 2255. In the reply, Plaintiff raised an issue which he had not originally raised on his § 2255 motion - "that his counsel was ineffective for failing to object to the drug quantity in the PSR." He argued that during the Change of Plea hearing, he admitted to only distributing more than 50 grams of methamphetamine, which would result in a Base Offense Level of 32, that he never admitted to distribute more than this amount. The Court asked the Government to file a surreply addressing this claim.

In the Government surreply, it was argued that the evidence supporting the drug quantity in the PSR was introduced at trial, prior to Plaintiff's entering his guilty plea. The Government further argued that Plaintiff failed to show that any objection to the drug quantity would have resulted in a lesser sentence.

Complaint's pge 4 of 7  .

After a hearing, where Plaintiff testified and Counsel also testified, this Court took the matter under advisement, and concluded that counsel was ineffective for failure to object to the amount of methamphetamine attributed to Plaintiff, therefore, vacated the sentence and scheduled a sentencing hearing. See Cazarez Jr. v. United States, 2009 U.S. Dist. LEXIS 20246 (March 13, 2009.

On December 22, 2009, Plaintiff was resentenced to a term of 150 months after finding that counsel was ineffective, for failing to object to the amount of drug attributable to him. Now this complaint is follows which that finding of ineffectiveness is the gravamen of the breach of contract, assumptsit and malpractice suit.

## CAUSE OF ACTIONS

Plaintiff hired defendant as his representator under the agreement that he would protect his rights and privileges afforded to him under the United States of America's laws and Constitution. Counsel and Plaintiff signed a contract on July 26, 2004, see copy of it attached as exhibit. In that contract petitioner agreed to pay the total amount of $15,000.00. U.S. Dollars. Petitioner paid him $14,000.00 Dollars.

As the records clearly reflect that Plaintiff is entitled to received his money back because, when this Court found that Plaintiff was ineffective, this Court certified that Plaintiff breached the contract as result of his Constitutional malpractice.

Complaint's page 5 of 7 .

Therefore, Plaintiff is demanding that Defendant be ordered to return the full amount of money he received under the breached contract.

Plaintiff is further asking that this Court order Defendant to pay the amount of $125,000.00 Dollars as punitive damage, so defendant could properly represent and protect any other similarly situated criminal client in the future.

Plaintiff is lastly requesting that Defendant be ordered to pay Plaintiff the amount of $125,000.00. Dollars for the the emotionally and physical pain and suffering caused by his negligency, as the fact of being serving a potential sentence of 235 months, a near 20 year sentence, which sentence was found to exceed 85 months caused him temporary and permanent mental anguish, emotional distress to him and his family.

Plaintiff further request any other relief this Honorable Court find to be appropriate.

A jury trial is demanded.

Respectfully submitted,

*Enriquez Cazarez Jr.* "pro se"
Reg. No. 15508-045
Moshannon Valley Correctional Center
555-I GEO Drive, (Unit A3/019L)
Philipsburg, PA 16866-8139.

March 10, 2014.

Process of Service executed by U.S. Certified mail. See Certificate of Service attached.

Coplaint's page 6 of 7.

CERTIFICATE OF SERVICE

I, the Plaintiff in the above captioned civil complaint is hereby declaring under the penalty of perjury as per the laws of the United States of AMerica, title 28 U.S.C. § 1746(2), that process of service was effectuated to the defendant MICHAEL J. GUNTER, at the 217 w. 18th St. Kansas City, Missouri 64108.

Mailed by U.S. Certified and return receipt mail, under the Certification No._____by, depositing said in the legal mail room located in the MVCC's Department of R and D. to be delivered via U.S. Certified mail, mailed on March 12, 2014.

March 12, 2014.

Declared,

*Enriquez Cazarez Jr*
Enriquez Cazarez, Jr.
Reg. No. 15508-045
Moshannon Valley Correctional Center
555-I GEO Drive (unit A3/019L)
Philipsburg, PA 16866-8139

Complaint's page 7 of 7.

Enriquez Cazarez, JR.
Reg. No. 15508-045
Moshannon Valley Correctional Center
555-I GEO Drive, (Unit A3/019L)
Philipsburg, PA 16866-8139

RECEIVED
2014 MAR 17 PM 12:32
CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

Clerk's Office
U.S. District Court for the
Western District of Missouri
Kansas City, Missouri 64106

Legal Mail